Mara W. Murphy (State Bar No. 185902)
David A. Forkner (*pro hac vice*)
Eli S. Schlam (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  mmurphy@wc.com
E-mail:  dforkner@wc.com
E-mail:  eschlam@wc.com

Jeffrey E. Faucette (State Bar No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (415) 315-1669
Facsimile:  (415) 433-5994
E-mail:  jeff@skaggsfaucette.com

*Attorneys for Defendant Mars, Incorporated*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ERIC LANKENAU-RAY and CARMEN VARGAS, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>MARS, INC.,<br><br>Defendant. | **Case No.:  4:16-cv-2660-YGR**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING MARS'S MOTION TO DISMISS**<br><br>Hearing Date:  October 18, 2016<br>Time:  2:00 p.m.<br>Place:  Courtroom 1, 4th Floor<br>Judge:  Hon. Gonzalez Rogers |

1    On August 5, 2016, Defendant Mars, Incorporated ("Mars") moved to dismiss the

2 Complaint in the above-captioned case. The Court, having considered Mars's Notice of Motion to

3 Dismiss, the Memorandum of Points and Authorities in support thereof, Mars's Request for

4 Judicial Notice in Support of Motion to Dismiss, all other papers and evidence submitted in

5 opposition and reply, the pertinent pleadings, and the applicable law, and finding good cause

6 therefore, hereby **GRANTS** Mars's Motion to Dismiss in its entirety, without leave to amend

7 pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).

8    The grounds for dismissing the Complaint with prejudice are as follows:

9    1.  The Food and Drug Administration has issued regulations governing slack-fill—

10       which preempt state law claims—that provide that slack-fill is only misleading if it

11       is nonfunctional. *See* 21 U.S.C. § 343(d); 21 U.S.C. § 343-1(a)(3) and (b); *Bates v.*

12       *Dow Agrosciences, LLC*, 544 U.S. 431, 443 (2005). Given these regulations,

13       Plaintiffs must allege sufficient facts that the slack-fill in the Uncle Ben's® rice

14       products is nonfunctional. The Complaint's allegations about the nonfunctionality

15       of the slack-fill in the Uncle Ben's® rice products are conclusory and implausible

16       and, therefore, Plaintiffs have failed to state a claim. *See Ashcroft v. Iqbal*, 556 U.S.

17       662, 678 (2009) ("[O]nly a complaint that states a plausible claim for relief survives

18       a motion to dismiss."); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.

19       1988) ("[C]onclusory allegations without more are insufficient to defeat a motion

20       to dismiss for failure to state a claim."); *Hartman v. Gilead Scis., Inc.*, 536 F.3d

21       1049, 1055 (9th Cir. 2008) (The court does not accept as true "allegations that are

22       merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

23    2.  Plaintiffs fail to satisfy basic constitutional standing requirements because they

24       have sustained no "injury in fact" as a result of products they did not purchase.

25       *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted).

26       "[A] plaintiff must demonstrate standing for each claim he seeks to press."

27       *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). Because Plaintiffs were

28       not injured by products they did not purchase, the Court should dismiss Plaintiffs'

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

claims based on such products. *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044JSW, 2011 WL 159380, at \*3 (N.D. Cal. Jan. 10, 2011) (unless plaintiffs actually purchase a product, they cannot prove they "suffered any injury or lost money or property with respect to those products"), *aff'd*, 475 F. App'x 113 (9th Cir. 2012).  Alternatively, Plaintiffs lack standing to bring claims for products they did not purchase because they have not established that all 43 varieties are substantially similar. Plaintiffs can bring claims about products they did not purchase only if "the crux of Plaintiff[s]' case" is "common misrepresentations" across all the products. *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 892 (N.D. Cal. 2012); *see also Hendricks v. Starkist*, 30 F. Supp. 3d 917, 934 (N.D. Cal. 2014). Here, the alleged crux of Plaintiffs' case is that the slack-fill in the Uncle Ben's® rice products is nonfunctional. Functionality depends on a number of factors (e.g., the manufacturing and filling process, the packaging, and the type of rice) which are unique to each variety of rice product. The Complaint contains no allegations that the manufacturing, filling, packaging, and type of rice for all Uncle Ben's® rice products are "substantially similar." This absence is fatal to Plaintiffs' standing to assert claims for unpurchased products, because without this information, the "Court cannot determine whether the [u]npurchased [p]roducts are substantially similar to the [p]urchased [p]roducts for Article III purposes." *Leonhart v. Nature's Path Foods, Inc.*, No. 13-cv-492BLF, 2014 WL 6657809, at \*3–4 (N.D. Cal. Nov. 21, 2014).

3.  Plaintiffs also lack standing to seek injunctive relief. In a consumer protection case such as this, a plaintiff must allege an intent to purchase the product in the future in order to meet the requirements of Article III standing to seek an injunction. *See Luman v. Theismann*, No. 14-15385, --- F. App'x ----, 2016 WL 1393432, at \*2 (9th Cir. Apr. 8, 2016); *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1114 (9th Cir. 2013) (no standing for injunctive relief because "Perez does not allege that he intends to have further hyperopic surgery"); *Frenzel v. AliphCom*, 76 F. Supp. 3d

[PROPOSED] ORDER GRANTING MARS'S MOTION TO DISMISS

999, 1015 (N.D. Cal. 2014). Plaintiffs have alleged that they will not purchase the Uncle Ben's® rice products again now that they know about the slack-fill. *See* Compl. ¶ 5. Given these allegations, Plaintiffs cannot show that there is a "real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles. v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiffs also cannot manufacture standing based on the possibility that unnamed class members might purchase Uncle Ben's® rice products in the future. "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. De La Vina*. 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc).

4.  Plaintiffs fail to state a claim for negligent misrepresentation under California or New York law. Under California law a plaintiff must allege an affirmative misrepresentation in order to state a claim for negligent misrepresentation. *See Wilson Century v. 21 Great W. Realty*, 18 Cal. Rptr. 2d 779, 783 (Ct. App. 1993). Here, Plaintiffs have not identified any affirmative representation about the Uncle Ben's® rice products that they claim is false. Plaintiffs allege only an omission or failure to disclose that the products contained slack-fill. *See* Compl. ¶ 96. Plaintiffs have also not made sufficient allegations to state a claim for negligent misrepresentation under New York law. A necessary element of a negligent misrepresentation claim in New York is "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011) (quoting *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148, 831 N.Y.S.2d 364, 863 N.E.2d 585, 587 (2007)). The arms-length relationship between Mars and the Plaintiffs does not satisfy this requirement. *See Kimmell v. Schaefer*, 675 N.E.2d 450, 450–54 (N.Y. 1996); *High Tides, LLC v. DeMichele*, 931 N.Y.S.2d 377, 382–83 (2d Dep't 2011); *see also Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 63–64 (2d Cir. 1988) (special relationship requires "a closer degree of trust and reliance than that of the ordinary buyer and

[PROPOSED] ORDER GRANTING MARS'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

seller." (internal quotation marks omitted)).

5. Plaintiffs' claims seeking to apply California and New York statutes extraterritorially must be dismissed. Under California state law, there is a presumption against the extraterritorial application of California's consumer protection statutes. *See Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1086–87 (N.D. Cal. 2014). "Applying that presumption, state and federal courts have concluded that California's consumer protection statutes do not reach claims of non-California residents arising from conduct occurring entirely outside of California." *Gentges v. Trend Micro Inc.*, No-11-cv-5574SBA, 2012 WL 2792442, at *6 (N.D. Cal. July 9, 2012). Likewise, the New York statute Plaintiffs assert a claim under, NY GBL § 349, does not apply to out-of-state transactions. Rather, it prohibits only "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*." N.Y. Gen. Bus. Law § 349(a) (emphasis added). To be actionable "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858, 863, 774 N.E.2d 1190, 1195 (2002). Because GBL § 349 does not apply to out-of-state purchases, Plaintiffs' attempt to apply that statute extraterritorially must fail. *See Mosely v. Vitalize Labs, LLC*, Nos. 13 CV 2470 (RJD)(RLM), 14 CV 4474 (RJD)(RLM), 2015 WL 5022635, at *8 (E.D.N.Y. Aug. 24, 2015) (dismissing claims under the consumer-protection laws of states where plaintiff did not reside); *Szymczak v. Nissan N. Am., Inc.*, No. 10CV7493 (VB), 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) (dismissing New York claims as to plaintiffs who did not purchase automobiles in New York); *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2014 WL 4220824, at *7 (N.D. Cal. Aug. 22, 2014) (dismissing New York claims for plaintiff who "failed to allege any actionable deception he suffered in New York").

//

//

[PROPOSED] ORDER GRANTING MARS'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Accordingly, it is hereby **ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE.**

      **IT IS SO ORDERED.**


Dated _____                            _____

                                              Hon. Yvonne Gonzalez Rogers
                                              United States District Judge